**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DANNY G. BARRON,              )
                                        )
         Plaintiff,        )
                                        )
v.                            )        Case No. 19-CV-00096-GKF-FHM
                                        )
MEGAN J. BRENNAN,       )
Postmaster General, U.S. Postal Service,  )
                                        )
        Defendant.      )

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss [Doc. 17] of defendant Megan J. Brennan, Postmaster General, U.S. Postal Service. For the reasons set forth below, the motion is granted.

**I.      Allegations of the Complaint**

Plaintiff Danny Barron alleges the following facts:[1] Mr. Barron was an employee under Postmaster General Brennan's supervision at the United States Postal Service (USPS). [Doc. 1, p. 1, ¶ 3]. On March 22, 2017, management "questioned [Mr. Barron] why he was in the building outside of his working hours" and "yelled at him disrespectfully." [*Id.* at p. 4, ¶ 1]. When Mr. Barron explained that he was looking for his supervisor, he was told to go the manager's office.

---

[1] The allegations derive from the Complaint, filed February 19, 2019, and the EEOC Decision, dated November 21, 2018, attached to the Complaint. *See* [Doc. 1]. Pursuant to Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, the allegations included in the EEOC Decision are a part of the Complaint and therefore a proper subject of consideration in ruling upon the motion to dismiss. However, the court may not take into account additional facts asserted in a response to a motion to dismiss, because such briefs do not constitute pleadings under Rule 7(a). 2 Moore's Federal Practice § 12.34[2].

[*Id.* at p. 5].  Upon arrival, the manager "[stood] up in a very threatening manner and yell[ed] out '[m]an, you don't know who you're messing with.'" [*Id.*].

Mr. Barron also alleges "management instructed the administrative staff not to use the correct code for his time and attendance." [*Id.* at p. 5].  Specifically, he asserts "management has incorrectly charged [him] leave, by not charging a portion of his leave to the Department of Labor." [Doc. 1, p. 4, ¶ 2].  Mr. Barron asserts that management should have charged him "with 4 hours of leave and allow[ed] the Department of Labor to charge the remaining 4 based on [his] limited-duty assignment and OWCP benefits." [*Id.* at p. 4].

In addition, from January 26, 2018 through May 23, 2018, he received several Letters of Indebtedness and the USPS ignored his "request for reconsideration and for records indicating the reason that the letters were issued, were not acknowledged or addressed." [*Id.* at p. 4, ¶ 3].  According to Mr. Barron, "the debt letters were a form of retaliatory harassment that management has 'done to other employees who have filed worker's compensation claims.'" [*Id.* at p. 5].

Before initiating formal action with the Equal Employment Opportunity Commission (EEOC), Mr. Barron tried to settle his grievances directly with USPS management. [*Id.* at p. 3].  Mr. Barron contacted an EEO counselor on February 23, 2018, but informal efforts to resolve the matter were unsuccessful.  On June 8, 2018, he submitted a formal complaint to the EEOC.  [*Id.*].  The EEOC issued a decision on November 21, 2018 affirming the USPS's decision to dismiss the complaint in its entirety.  [*Id.* at p. 7].

Mr. Barron initiated this suit on February 19, 2019.  Based on the foregoing facts, Mr. Barron asserts three claims: (1) "threat (assault by management)"; (2) prohibited discrimination based on physical disability; and (3) "harassment in employment."[2]  [*Id.* at p. 2].  Mr. Barron

---

[2] The court has reordered Mr. Barron's claims for ease of analysis.

utilized Form CV-06 (12/05), which purports to bring claims pursuant to Title VII, 42 U.S.C. § 2000e-5.

## II.     Analysis

Postmaster General Brennan moves to dismiss Mr. Barron's first claim pursuant to Fed. R. Civ. P. 12(b)(6), and the second and third claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  [Doc. 17].

### A.     *Motion to Dismiss Standards*

#### 1.     <u>Fed. R. Civ. P. 12(b)(6)</u>

 "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The "court accepts as true all well-pleaded factual allegations in a complaint and views those allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).  However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' are not sufficient to state a claim for relief."  *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (quoting *Ashcroft*, 556 U.S. at 678).

Mr. Barron's pro se status entitles him to a liberal construction of his pleadings.  *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).  With respect to interpretation of pro se pleadings, the Tenth Circuit has said:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the
> plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper

> legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal footnote omitted). However, this relaxed standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Moreover, it is well established "that pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### 2. Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited subject-matter jurisdiction." *Gad v. Kansas St. Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). That is, a federal court "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Id.* (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220 (10th Cir. 2004)). Accordingly, a district court must always determine whether a case belongs in federal court. *Id.*

### B. Mr. Barron's Claim of Threat (Assault by Management)

Postmaster General Brennan requests dismissal of plaintiff's claim of "threat (assault by management)" pursuant to Fed. R. Civ. P. 12(b)(6) on two separate bases: (1) failure to exhaust administrative remedies, and (2) failure to satisfy the pleading standard for a Title VII claim. [Doc. 17]. The court separately considers each basis.

### 1. Failure to Exhaust Administrative Remedies

Exhaustion of administrative remedies is not a jurisdictional prerequisite to file suit, but rather an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Where a plaintiff files an untimely

administrative complaint with the EEOC an employer may characterize this procedural mistake as a failure to exhaust administrative remedies. *See Payan v. UPS*, 768 , 1169 (10th Cir. 2018). Employers may raise failure to exhaust in a Rule 12(b)(6) "motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished).[3]

Pursuant to 29 C.F.R § 1614.105(a),

(a)     Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

        (1)     An aggrieved person must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory.

29 C.F.R § 1614.105(a)(1). Thus, "federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act" and "[g]enerally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (discussing § 1615.105(a)'s requirement that a federal employee contact an EEO counselor). *See also Ho v. Brennan,* 721 F. App'x 678, 680 (9th Cir. 2018) (unpublished) ("Satisfying 29 C.F.R. § 1614.105(a) is one of several steps a federal employee must take to exhaust available administrative remedies, which is a prerequisite to bringing a Title VII claim in federal court."); *Mayberry v. Envtl. Prot. Agency,* 366 F. App'x 907, 909 (10th Cir. 2010) (unpublished) ("In order to exhaust [his] administrative remedies, a[] [federal] employee must make an informal charge to an Equal Employment Opportunity ('EEO') counselor at the EPA's regional office within forty-five days from the date of the alleged

---

[3] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

discriminatory act."); *Robinson v. Donovan,* No. CIV-17-0496-C, 2019 WL 4855166, at *2 (W.D.

Okla. Oct. 1, 2019), *appeal docketed*, No. 19-6150 (10th Cir. Oct. 8, 2019)

Here, it is clear from the face of the Complaint that Mr. Barron did not contact an EEO

counselor until eleven (11) months after management's alleged threat on March 27, 2017 that is

the factual basis for the claim—well beyond the required 45 days. [Doc. 1, p. 4]. Even though

Mr. Barron's other claims were allegedly "ongoing," [*see id.* at 4] "each discrete incident of

[discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for

which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th

Cir. 2003). To the extent Mr. Barron alleges "ongoing" threats, he includes no factual allegations

of additional threats or any allegations from which the court may infer that he contacted an EOO

counselor regarding any additional incidents of discriminatory or retaliatory treatment. Thus, Mr.

Barron failed to exhaust his administrative remedies with respect to any alleged discriminatory or

retaliatory "threat (assault by management)," including the March 27, 2017 incident.

2.      Rule 12(b)(6) Pleading Standard

As previously stated, Mr. Barron characterizes his claim as "threat (assault by

management)," and, based on this phrasing, it is unclear under which Title VII theory Mr. Barron

brings his claim. Insofar as Mr. Barron attempts to bring a hostile work environment claim

premised on the March 27 incident (and any other, unalleged instances), the principle that each

discrete incident constitutes its own "unlawful employment practice" for which administrative

remedies must be exhausted is inapplicable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

115 (2002). However, to bring a hostile work environment claim, plaintiff must allege four

elements:

> (1) [he] is a member of a protected group; (2) [he] was subject to unwelcome
> harassment; (3) the harassment was based on [membership in the protected group];

and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007)).

Mr. Barron fails to state a plausible claim for hostile work environment. Although Mr. Barron alleges that he has a physical disability and that he is a "black American," the Complaint includes no allegations from which the court may reasonably infer that he was threatened or assaulted because of the alleged physical disability or his race, or that the threat stemmed from a discriminatory animus. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, Mr. Barron's claim for "threat (assault by management)" must be dismissed.

B.      *Mr. Barron's Claim of Disability Discrimination*

Postmaster General Brennan moves to dismiss Mr. Barron's claim of disability discrimination for lack of subject matter jurisdiction. With respect to this claim, Mr. Barron asserts "since March 2017 management has incorrectly charged [him] leave, by not charging a portion of his leave to the Department of Labor." [Doc. 1, p. 4]. He contends management should have charged him "with 4 hours of leave and allow[ed] the Department of Labor to charge the remaining 4 hours based on [his] limited-duty assignment and [Office of Workers' Compensation Programs (OWCP)] benefits." [*Id.* at p. 4].

The OWCP administers the Federal Employees' Compensation Act (FECA) pursuant to authority delegated by the Secretary of Labor. *See* 20 C.F.R. § 1.2. FECA provides "compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the

performance of his duty," subject to certain exceptions. 5 U.S.C. § 8102(a). FECA provides the

exclusive remedy to injured employees. *See* 5 U.S.C. § 8116(c) ("The liability of the United States

or an instrumentality thereof under this subchapter or any extension thereof with respect to the

injury or death of an employee is exclusive and instead of all other liability of the United States or

the instrumentality to the employee . . . ."). The Secretary of Labor determines whether

compensation shall be allowed or denied, 5 U.S.C. § 8124, and, pursuant to statute, the Secretary's

decision is not subject to review by a district court.[4]  5 U.S.C. § 8128(b) (formatting altered from

original) ("The action of the Secretary or his designee in allowing or denying a payment under this

subchapter is . . . final and conclusive for all purposes and with respect to all questions of law and

fact[.]). This includes allegations of underpayment or challenges to withholdings. *See Ferguson*

*v. USPS*, No. 19-1689-BAH, 2019 WL 5102929, at \*2 (D.D.C. Oct. 11, 2019) ("Federal district

courts lack subject matter jurisdiction over challenges to workers' compensation withholdings

under a provision of FECA precluding judicial review of any claims for 'payment for

compensation' under that Act."); *Flood v. U.S. Dep't of Labor*, No. 08-CV-00605-JCH, 2008 WL

5118241, at \*\*3-4 (D. Conn. Dec. 2, 2008) (challenge to compensation decision based upon hours

of day used to calculate).[5]

It is clear from the face of the pleadings that the OWCP accepted Mr. Barron's request for

workers' compensation. [Doc. 1, p. 2, ¶ 4]. Workers' compensation coverage under FECA is Mr.

---

[4] The court notes that some courts have held "that FECA does not deprive a federal court of jurisdiction to review a charge that the Secretary violated the Constitution or a clear statutory mandate or prohibition." *Wideman v. U.S. Gov't*, No. 16-CV-02262-KMT, 2017 WL 3839462, at \*4 (D. Colo. Sept. 1, 2017) (collecting cases). However, Mr. Barron does not allege that Postmaster General Brennan violated the Constitution or a clear statutory mandate or prohibition and therefore the court does not consider the exceptions.

[5] Unsatisfied complainants are not without recourse. They may appeal an OWCP decision to the Employee's Compensation Appeals Board. *See* 5 U.S.C. § 8149.

Barron's "exclusive remedy against the United States." *See U.S. Dep't of Labor v. Woodruff*, 954 F.2d 634, 637 (11th Cir. 1992). Although Mr. Barron characterizes his claim as "disability discrimination," his allegations reflect a disagreement with the compensation calculation—specifically, that his benefits were underpaid based upon the denial of certain hours. Thus, Mr. Barron's claim for disability discrimination is a thinly-veiled benefit challenge, and the court must dismiss it for lack of subject matter jurisdiction.

### C. Mr. Barron's Claim of Harassment

In his third claim—harassment—Mr. Barron alleges that management subjected him to ongoing harassment by sending him several Letters of Indebtedness over a four-month period and ignoring his requests for reconsideration and for records indicating the reason the letters were issued. [Doc. 1, p. 4, ¶ 3]. Mr. Barron characterizes the debt letters as a form of retaliatory harassment and states that management sent similar notices "to other employees who have filed worker's compensation claims." [*Id.* at p. 5]. Thus, Mr. Barron's claim relates to USPS's debt collection practices.

"The Debt Collection Act [31 U.S.C. §§ 3711, *et seq*.] governs the procedures for collection of debts purportedly owed to the federal government." *Lima v. U.S. Dep't of Educ*., No. 15-00242-KSC, 2017 WL 2265888, at *4 (D. Haw. Apr. 25, 2017). "An appeals process is available to a Postal Service employee who wishes to challenge an agency action under the Debt Collection Act." *Roby-Wilson v. Potter*, No. CIV-A-01-3871, 2002 WL 32348831, at *1 (E.D. Pa. Feb. 14, 2002). Specifically, pursuant to regulations promulgated under the Debt Collection Act, USPS employees who wish "to challenge the Postal Service's determination of the existence or amount of a debt, or to challenge the involuntary repayment terms proposed by the Postal Service . . . must file a written petition electronically." 39 C.F.R. §961.4(a). A subsequent hearing will be

conducted at the sole discretion of a Hearing Official, and "the Hearing Official's decision shall

be the final administrative determination on the employee's debt or repayment schedule." *Id.* §

961.10(b). This administrative procedure must be exhausted if plaintiff has been referred to the

process by the government. *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. Sept. 20,

2012).

Postmaster General Brennan concedes that Mr. Barron "availed himself" of the

administrative procedure. [Doc. 17, p. 8]. Thus, the court cannot reasonably infer that Mr. Barron

failed to exhaust his administrative remedies. Even if Mr. Barron had not, in light of *Lincoln,* it is

not clear to the court that the failure would be jurisdictional.

However, the court concludes that Mr. Barron's claim fails to satisfy the pleading

requirements of Fed. R. Civ. P. 8.[6] The form Complaint utilized by Mr. Barron includes no

reference to the Letters of Indebtedness. Rather, with respect to the basis of his claims, the form

Complaint states as follows: "Based upon physical disability; accepted 'OWCP' claim having

filed an EEO. Having filed a workplace violence action (retaliation)." [Doc. 1, p. 2]. Mr. Barron

> apparently expects the Court and Defendant[] to piece together [his] claims and
> their factual support from in the documents attached to [his] original complaint.
> This is not a judicial function. It is [Mr. Barron's] responsibility to present [his]
> claims in a manageable format that allows the Court and Defendant[] to know what
> claims are being asserted and to be able to respond to those claims.

*Bailot v. Colorado*, No. 19-2265-KHV, 2010 WL 677798, at *2 (D. Colo. Feb. 24, 2010). Mr.

Barron's Complaint "d[oes] little to connect the facts alleged with any cause of action." *Bailot v.*

---

[6] Although Postmaster General Brennan does not raise specific challenges to the allegations, "[i]f
a plaintiff does not satisfy the pleading requirements of Rule 8, the Court may *sua sponte* dismiss
the complaint without prejudice under Rule 41(b)." *United States ex rel. Brathwaite v. Kansas*,
No. 19-2265-KHV, 2020 WL 837431, at *1 (D. Kan. Feb. 20, 2020) (citing *Nasious v. Two
Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007); *Olsen v. Mapes,* 333 F.3d 1199,
1204 n.3 (10th Cir. 2003)).

*Colorado*, 385 F. App'x 853, 855 (10th Cir. 2020). Thus, Mr. Barron's claim does not meet the requirements of Fed. R. Civ. P. 8.

Further, this case is similar to *Hayes v. Donahoe*, No. 14-CV-3393-DCN, 2014 WL 6473689, at *3 (D.S.C. Nov. 18, 2014), in which the plaintiff alleged that "[t]he U.S. Postal Service violated my constitutional rights, unjustly removed a disabled veteran, and for the past fifteen years continuously re-opening past issues for their benefit/suppression and retaliation against complainant for standing firm, EEOC/lower court allowed/affirm these acts." *Id.* at *2. The court concluded:

> [I]t appears that the action may actually be a futile attempt to appeal a debt collection decision of the [Office of Personnel Management], not a Title VII employment discrimination action, as it was denominated. The Plaintiff made no statement of facts upon which relief can be granted. The federal district courts have subject matter jurisdiction over Title VII claims by federal employees, 42 U.S.C. § 2000e-16(c), and to the extent that the Plaintiff seeks to claim a violation of Title VII, this Court has jurisdiction; however, Plaintiff has failed to allege any facts which support a Title VII claim. As the EEOC noted in its Denial Order, the Plaintiff's grievance appears to be with the OPM and with the federal government's debt collection process. This is not a basis for a Title VII action.

*Id.* at *3. *Hayes* is persuasive. Like in *Hayes*, Mr. Barron alleges that the USPS utilized debt collection procedures in a retaliatory matter. Further, Mr. Barron alleges that the USPS failed to respond to his inquiries regarding the Letters of Indebtedness. Thus, Mr. Barron's claim relates to USPS's debt collection process and is not the basis for a Title VII claim. Mr. Barron's "harassment" claim therefore fails to satisfy the pleading requirements and must be dismissed.

## III. Conclusion

WHEREFORE, the Motion to Dismiss [Doc. 17] of defendant Megan J. Brennan, Postmaster General, U.S. Postal Service, is granted.

IT IS SO ORDERED this 6th day of April, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE